RECEIVED
IN LAFAYETTE, LA.

OCT 11 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**SCOTTY ROMERO AND CORI BONIN** — CIVIL ACTION NO. CV05-1781

**VERSUS** — JUDGE JUDGE HAIK L-O

**APACHE CORPORATION AND ISLAND OPERATING CO., INC.** — MAG. JUDGE MAGISTRATE JUDGE HILL

# COMPLAINT

---

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **SCOTTY ROMERO** and **CORI BONIN**, who respectfully represents that:

1.

Plaintiff, **SCOTTY ROMERO**, is the age of majority and domiciled in the Parish of Iberia, State of Louisiana. **CORI BONIN** is the age of majority and is domiciled in the Parish of Iberia, Louisiana.

2.

Made Defendants in this action are:

A. **APACHE CORPORATION**, a foreign corporation authorized to do and doing business in the State of Louisiana with its principal place of business in Lafayette Parish, Louisiana;

B. **ISLAND OPERATING COMPANY, INC.**, a domestic corporation authorized to do and doing business in the State of Louisiana with its corporate office and officers in Lafayette Parish, Louisiana.

3.

This Honorable Court has jurisdiction over this matter pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C.A. 133,

et seq because Plaintiff, **SCOTTY ROMERO**, suffered injuries on Eugene Island Platform No. 175 which is located on the Outer Continental Shelf adjacent to the Louisiana coast. Venue is also proper with this Honorable Court against Defendants **APACHE CORPORATION** and **ISLAND OPERATING COMPANY, INC.** pursuant to 43 U.S.C.A. 1349 (6)(B)(1).

4.

On or about January 5, 2005, **SCOTTY ROMERO** was employed by United Production and Construction, Inc. as a welder. On or about January 5, 2005, **SCOTTY ROMERO** was performing welding and/or rust control work on Eugene Island Platform No. 175 which was owned by **APACHE CORPORATION.**

5.

**APACHE CORPORATION** contracted with **ISLAND OPERATING COMPANY, INC.** to manage, supervise and control the operations on Eugene Island Platform No. 175.

6.

**APACHE CORPORATION** further contracted with Acadian Ambulance to provide medical services to the workers who were performing work on Eugene Island Platform No. 175.

7.

On or about January 5, 2005, **SCOTTY ROMERO** began to suffer from abscesses on his left thigh and calf and his only testicle (right testicle). Further, on or about the same date, **SCOTTY**

**ROMERO** began to also suffer from high fever and chills. **SCOTTY ROMERO** sought treatment on Eugene Island Platform No. 175 with Acadian Ambulance medic Clayton Carney. On or about January 5, 2005, **SCOTTY ROMERO** was diagnosed with staph infection. After the diagnosis, **SCOTTY ROMERO** was advised to isolate himself in his bunk room on Eugene Island Platform No. 175. However, **SCOTTY ROMERO** was not given any medical treatment or medication.

8.

Despite being diagnosed with staph infection and having high fever and chills, **SCOTTY ROMERO** was not given any medical treatment or medication by Acadian Ambulance, **APACHE CORPORATION** or **ISLAND OPERATING COMPANY, INC.** while on Eugene Island Platform No. 175. Further, **SCOTTY ROMERO** was not transported immediately onshore for treatment despite the diagnosis for approximately two to three days. As a result of no treatment and the delay in sending onshore for medical treatment, the staph infection and high fevers and chills significantly worsened. As a result of getting no medical treatment on Eugene Island Platform No. 175 or being immediately shipped onshore, **SCOTTY ROMERO**'s condition worsened to MRSA staph which is considered to be "flesh eating". As a result of no treatment and the delay in sending onshore, **SCOTTY ROMERO** eventually developed severe scrotal abscess and had to undergo several painful procedures to treat the MRSA staph infection on his right scrotum.

9.

Plaintiff, **SCOTTY ROMERO**, asserts that Defendants, **APACHE CORPORATION** and **ISLAND OPERATING COMPANY, INC.** were negligent for exposing him to staph infections on Eugene Island Platform No. 175, for failing to secure appropriate medical treatment and medication while on Eugene Island Platform No. 175 and for failing to send **SCOTTY ROMERO** immediately onshore once the Acadian Ambulance medic diagnosed him with staph infection.

10.

As a result of the Defendants' negligence, **SCOTTY ROMERO** had to be hospitalized and undergo painful procedures to treat the severe abscesses on his left leg and his right scrotum. Due to Defendants' negligence, **SCOTTY ROMERO** had to be hospitalized and had to undergo intensive antibiotic treatment for the MRSA staph infection and several debridements and drainage of his severe scrotal abscess.

11.

As a result of Defendants' negligence, Plaintiff, **SCOTTY ROMERO**, suffered severe personal injury and damages including, but not limited to:

A. Injuries to his left leg and right scrotum;

B. Mental anguish, depression and anxiety;

C. Loss of enjoyment of sex life; and

D. Other injuries which will be shown at trial of this matter.

12.

Accordingly, Plaintiff, **SCOTTY ROMERO**, itemizes his damages as follows:

A. Physical pain and suffering, past, present and future;

B. Mental pain, anguish and distress, past, present and future;

C. Loss of enjoyment of life, past, present and future;

D. Permanent disfigurement;

E. Impairment of usage of body functions;

F. Past medical expenses;

G. Future medical expenses;

H. Past lost wages; and

I. Loss of future earning capacity.

13.

**CORI BONIN**, was the fiancee of **SCOTTY ROMERO** at all times relevant herein and was his primary care giver after his injuries and hospitalization. Despite all proper precautions, **CORI BONIN** contracted staph infection on several occasions which required medical treatment and loss time from her employment. **CORI BONIN** contends that her and any and all injuries from staph infection were caused by the negligence of **APACHE CORPORATION** and **ISLAND OPERATING COMPANY, INC.** in the following aspects:

1. Negligently exposing **SCOTTY ROMERO** to staph infection on Eugene Island Platform No. 175;

2. Failing to secure appropriate medical treatment and medication for **SCOTTY ROMERO** while on Eugene Island Platform No. 175 after being diagnosed with staph infection; and

3. In failing to send **SCOTTY ROMERO** immediately onshore once the Acadian Ambulance medic diagnosed him with staph infection.

**CORI BONIN** itemizes her damages as follows:

A. Physical pain and suffering, past, present and future;

B. Mental pain, anguish and distress, past, present and future;

C. Past medical expenses; and

D. Past loss wages.

Plaintiff, **CORI BONIN**, respectfully requests that this Honorable Court accept jurisdiction of these claims under the doctrine of pendent jurisdiction.

14.

Defendants, **APACHE CORPORATION** and **ISLAND OPERATING COMPANY, INC.**, are liable unto the Plaintiffs, **SCOTTY ROMERO** and **CORI BONIN**, in solido for the full sum of the amount of damages reasonable in the premises to be proven at trial of the merits, plus interest from the date of judicial demand until paid, and for cost of these proceedings and for all other general and equitable relief.

WHEREFORE, Plaintiffs pray that Defendants be duly served with a copy of the Petition for Damages and that, after all legal delays and due proceedings be had, there be judgment herein in favor of Plaintiffs, **SCOTTY ROMERO** and **CORI BONIN**, and against Defendants,

**APACHE CORPORATION** and **ISLAND OPERATING COMPANY, INC.**, jointly, severely and in solido for all damages in an amount that will adequately satisfy the demands of justice, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, and for any other relief to which the Plaintiffs are entitled to under the law and evidence.

Respectfully submitted,

TAULBEE & ESCOTT, L.L.C.

BY: ______________________________

EDWARD O. TAULBEE, IV - TA - #12669
MAX MICHAEL MENARD - #22833
100 Asma Boulevard, Suite 200
Post Office Box 2038
Lafayette, LA 70502-2038
(337) 269-5005

ATTORNEYS FOR SCOTTY ROMERO and CORI BONIN

**PLEASE SERVE**:

1. **APACHE CORPORATION**, through its agent for service of process:

   CT Corporation System
   8550 United Plaza Blvd.
   Baton Rouge, LA 70809

2. **ISLAND OPERATING COMPANY, INC.**, through its agent for service of process:

   CT Corporation System
   8550 United Plaza Blvd.
   Baton Rouge, LA 70809

RECEIVED
IN LAFAYETTE, LA.

OCT 1 1 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# TAULBEE & ESCOTT

LIMITED LIABILITY COMPANY

EDWARD O. TAULBEE, IV
PAUL D. ESCOTT*
MAX MICHAEL MENARD*
*(A PROFESSIONAL LAW CORPORATION)

100 ASMA BOULEVARD
SUITE 200
POST OFFICE BOX 2038
LAFAYETTE, LOUISIANA 70502-2038

(337) 269-5005
FAX: (337) 269-5096

October 7, 2005

Honorable Robert H. Shemwell
United States District Court
Western District of Louisiana
Lafayette Division
Clerk of Court
800 Lafayette Street, Suite 2100
Lafayette, LA 70501

Re: Scotty Romero and Cori Bonin
Versus
Apache Corporation and Island
Operating Company, Inc.
United States District Court
Western District of Louisiana
Lafayette Division
Civil Action Number: CV05-1781 L-O
Our File No. 05-1675-M

JUDGE HAIK

MAGISTRATE JUDGE HILL

Dear Sir:

Enclosed is the original and two copies of a Complaint, Summons, Application to Proceed in Forma Pauperis, and Order to be filed on behalf of Scotty Romero and Cori Bonin.

Please file the original into the record of the case and return a stamped copy to the undersigned.

With best wishes, I am

Very truly yours,

MAX MICHAEL MENARD

MMM/ach
Enclosures