13,890

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE – OPELOUSAS DIVISION

| | | |
|---|---|---|
| SCOTTY ROMERO and CORI BONIN | * | CIVIL ACTION NO.: 05-1781 |
| VERSUS | * | JUDGE RICHARD T. HAIK |
| APACHE CORPORATION | * | MAGISTRATE C. MICHAEL HILL |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
TEST RESULTS OF EUGENE ISLAND PLATFORMS 175 & 158 FROM TESTS
PERFORMED BY EMSL ANALYTICAL, INC. AT THE REQUEST OF GLOBAL
ENVIRONMENTAL RESTORATION**

MAY IT PLEASE THE COURT:

  Defendant, Apache Corporation ("Apache") respectfully requests that this Honorable Court prohibit the introduction at trial of test results of Eugene Island Platform 175 &158 performed by EMSL at the request of Global Environmental Restoration (Plaintiff's Exhibit 17).  These test results should be excluded from evidence because a proper foundation has not been laid, the results are irrelevant, and their introduction is likely to confuse the jury under Federal Rules of Evidence Rules 401, 402, 403, and 901.

**PROCEDURAL HISTORY & FACTUAL BACKGROUND**

  A detailed history of this litigation is contained in Apache's Memorandum in Support of Partial Summary Judgment (Document 78) and its Memorandum in Support of Motion In Limine to Exclude Photographs and Videotape of Plaintiff's Injuries (Document 82).  The following facts are relevant to this motion.  Plaintiff, Scotty Romero, was transported off of Apache's platform in January 2005.  In May 2005, Apache hired Global Environmental Restoration (hereinafter "Global")

1

to test its two most populated manned platforms, EI175B and EI158Q, for any bacterial harmful to humans. The test results failed to reveal the presence of any *staphylococcus aureus* bacteria on either platform. (Excerpt from deposition of Alan Campbell taken on June 19, 2007, attached as Exhibit "A", p. 46, ln. 14-19).

Apache contacted Global Environmental Restoration Services in May 2005 seeking information about Sniper, a product marketed by Global as a disinfectant. At Global's suggestion, Apache agreed to allow EMSL Analytical, Inc., an independent company, perform pre-and post-disinfection testing on Eugene Island platforms 175 and 158 as a way to demonstrate the efficacy of the product. (Exhibit A, p. 14, ln. 1-19). Unidentified employees of EMSL performed the testing and the test results revealed an "above average" concentration of certain bacterium on the swab that was later tested and cultured. No health-threatening bacteria were detected. (Exhibit A, p. 18, 22-24, p. 19, ln. 3-11). The EMSL Analytical, Inc. test results for Eugene Island platforms 158 and 175 are attached as Exhibit "B". Specifically, the testing did not detect any *staphylococcus aureus* bacteria.

Plaintiff intends to use the test results to suggest to the jury that the platforms had a high level of "dangerous" bacteria and were "dirty," thus a potential health hazard and habitat for *staphylococcus aureus*. Significantly, plaintiff cannot lay a proper foundation for introduction of the results because there is no one to testify at trial and interpret the results. First, there is no evidence regarding proper accreditation, protocol, or procedures of EMSL, the laboratory, in question. No one from EMSL has been deposed or will testify at trial. Further, no one at trial will be able to interpret the results.

Aside from his testimony that bacterium was found, Alan Campbell, part owner of Global, does not know the standard for comparing the bacterium samples and cannot explain the reason behind EMSL's use of the threshold value of three million colony forming units. (Exhibit A, pp. 44-45, ln. 20-13, pp. 51-52, ln. 20-2). Steven Thibodeaux, a former owner of Global and Registered

Nurse, also testified that he could not adequately explain the criteria used or quantify the test results, because he did not design the test performed and has no personal knowledge of how the testing was done. (Excerpt from Deposition of Steven Thibodeaux taken on February 11, 2008, attached as Exhibit "C", p. 17, ln. 4-7, pp. 19-20, ln. 15-18, p. 38, ln. 11-16). The test results contain scientific data and bacterial terms that will only confuse the jury if presented without any testimony from an individual qualified to interpret these results.

Apache respectfully requests that the test results from EMSL Analytical, Inc. be excluded from evidence because a proper foundation cannot be laid, they have no relevance to any fact at issue, and their introduction to a jury would be confusing and an unnecessary waste of time.

## LAW AND ARGUMENT

Federal Rules of Evidence require that documentary evidence, such as test results, be properly authenticated as a pre-requisite to admission. Federal Rules of Evidence Rule 901 (a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a). Under Rule 901(b)(1), an exhibit may be authenticated by the testimony of a witness with knowledge that the exhibit is what the proffering party claims it to be. FED. R. EVID. 901(b)(1).

The test results from testing performed by EMSL proffered by plaintiff can not be admitted because a proper foundation has not been laid. The test results contain statistics and numerical figures that have not been explained by anyone that performed the testing or anyone that is qualified to interpret the results. Steven Thibodeaux could not explain what constitutes a "normal" level of bacteria on the platform and admitted this his background does not afford him an understanding of the testing performed. (Exhibit C, p. 21, ln. 10-21, p. 33, ln. 2-18). Without testimony from someone

with knowledge of the testing procedures, the Court cannot determine whether the procedures used were scientifically reliable.

In addition to having an adequate foundation, demonstrative evidence must also be relevant to the facts at issue in this litigation. Federal Rules of Evidence Rules 401 and 402 define relevant evidence and provide for the exclusion of irrelevant evidence. Rule 402 specifically states: "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." FED. R. EVID. 402. Relevant evidence is defined as "…evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Otherwise relevant evidence is excludable under Rule 403 when the probative value of the proffered evidence is substantially outweighed by either (1) the danger of unfair prejudice, confusion of the issues, or misleading the jury, or (2) considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

Aside from a complete lack of foundation, the test results compiled by EMSL Analytical lack probative worth because they do nothing to aid the jury's understanding of the relevant issues. Plaintiff seeks to introduce these results to suggest that the platform was "dirty" and that it posed a potential health hazard, thereby making it more probable than not that Romero contracted MRSA from the platform. Again, there was no finding of MRSA or *staphylococcus aureus* on either platform. (Exhibit A, p. 46, ln. 14-19, p. 72, ln. 9-11). The bacteria that was detected was not harmful to humans. Accordingly, the test results lack any probative worth on the issue of whether it is more probable than not that Romero contracted MRSA on the platform. Further, the results will do nothing more than confuse the jury, as there is no one available to explain the results. For these

reasons, the test results should be excluded as irrelevant and tending to confuse or mislead the jury under Federal Rules of Evidence Rules 402 and 403.

## CONCLUSION

For the aforementioned reasons, Apache submits that the results of the testing performed on Eugene Island Platforms 175 and 158 by EMSL Analytical, Inc. at the request of Global Environmental Restoration (Plaintiff's Exhibit 17) are without proper foundation, irrelevant, and their introduction at trial would confuse the jury and unnecessarily waste time. Accordingly, the test results should be excluded from evidence at trial.

RESPECTFULLY SUBMITTED:

_/s/ Stephanie D. Skinner_
JAMES K. CARROLL, T.A. (#3898)
STEPHANIE D. SKINNER (#21100)
KATI C. WEAVER (#30878)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras Street, 30th Floor
New Orleans, LA  70130
Telephone 504-523-2600
Fax 504-523-2705
Attorneys for Apache Corporation

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of April, 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing.

_/s/ Stephanie D. Skinner_