Civil Action 05-1781

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/16/08

JUDGE RICHARD T. HAIK

GENERAL CHARGE

CIVIL JURY CASES

1. Now that you have heard the evidence and the argument of the attorneys, the time has come to instruct you as to the law governing the case. Although you, as jurors, are the sole judges of the facts, you are duty bound to follow the law as stated by me and to apply the law so given to the facts as you find them from the evidence before you. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion that you have may have of what the law ought to be, it would be a violation of your oath and your sworn duty to base a verdict upon any other view of the law than that given by me.

2. You have been sworn as jurors in this case to try the issues of fact presented by the allegations of the petition of the plaintiff, Scotty Romero, and the answer of the defendant, Apache Corp. - [illegible]. You are to perform this duty without bias or prejudice to any party. The law does not permit jurors to be governed by sympathy, prejudice or public opinion. The parties and the public expect you to carefully and impartially consider all the evidence, follow the law as stated by the Court, and reach a just verdict regardless of the consequence.

3. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. On one side you have an individual, a private person; on the other, you have a corporation. A corporation is also composed of individual persons, its stockholders. A corporation is entitled to the same

fair trial at your hands as a private individual. All persons, including corporations ~~and insurance companies~~, stand equal before the law and are to be dealt with as equals in this court.

4. The burden of proof is on the plaintiff in a civil action such as this to prove every essential element of his case by a preponderance of the evidence. If the proof fails to establish any essential element of his case by a preponderance of the evidence, then you must find for the defendant. To establish by a preponderance of the evidence simply means to prove that something is more likely so than not so. It means that such evidence as when considered and compared as that opposed to it has more convincing force and produces in your mind's belief that what is sought to be proved is more probably true.

5. There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence, such as testimony of an eyewitness; the other is indirect or circumstantial evidence, that is, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

6. Statements and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

7. The evidence in the case consists of the sworn testimony of the witnesses* all exhibits which have been received, and ~~all facts~~ which have been admitted. ~~and such facts that have been judicially noted by the Court~~. Any evidence as to which any objection was sustained by the Court and any evidence ordered stricken by the Court must be disregarded by the jury. In this connection, I wish to advise you that it is the duty of the attorneys on each side of the case to object to evidence when the other side offers testimony or other evidence which counsel believes is not properly admissible. Upon allowing testimony or other evidence to be introduced over the objection of the attorneys, the Court does not, unless expressly stated, indicate any opinion as to the

weight or the effect that you must give such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

8. You are to consider only the evidence in this case as you heard it in court, but in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from facts you find have been proved such reasonable inferences as seem justified in the light of your own experience.

9. The rules of evidence ordinarily do not permit a witness to testify as to his opinion or conclusion. An expert witness is an exception to this rule. A witness who by education or experience has become expert in any act, science, profession or calling, may be permitted to state his opinion as to a matter in which he is versed and which is material to the case, and may also state the reason for such an opinion. You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves and you may reject it entirely if you conclude the reasons given in support of the opinion are unsound.

10. The burden of proof rests upon the party who asserts the affirmative of an issue. Where the plaintiff asserts that the defendant was negligent, the plaintiff has a burden of proving this. On the other hand, where the defendant asserts that the plaintiff's injuries may have been caused by his own negligence or that the plaintiff's negligence was a contributing proximate cause of the accident, then he bears that burden.

11. You are not bound to decide an issue of fact in accordance with the testimony of any number of witnesses which does not produce in your mind's belief a likelihood of truth as against the testimony of a lesser number of witnesses or other evidence which does not produce such belief in your mind. In fact, you may take the testimony of a single witness in preference to that of all other witnesses if, in your mind, it produces belief in the likelihood of the truth.

12. There are various ways of testing the credibility or

honesty of witnesses. You may consider their interest in the case, the way they testify, the discrepancies in their testimony. If you find that any party or witness has willfully misstated any fact concerning which he has been interrogated, then his testimony in other respects may be distrusted and you may in such case disregard the whole of his evidence unless you are convinced otherwise that he has sworn to the truth.

Presented to you

13. During the trial of this case, or by video certain testimony has been ~~read to you~~ by way of ~~depositions~~. The testimony of a witness who for some reason cannot be present to testify from the witness stand is usually presented in writing under oath in this form, or by video or DVD. Such testimony is entitled to the same consideration and, in so far as possible, is to be judged as to the credibility and weighed and otherwise considered by you, the jury, in the same way as if the witness had been present, and had given from the witness stand the testimony read to you.

Here give to Π#1

14. The law regarding the question of fault or negligence is embodied in Article 2315 of our Civil Code which provides that:

> Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.

And Article 2315 provides that:

> Every person is responsible for the damages he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

The word "fault" as used in the Civil Code has become synonymous with the word "negligence" which I will define for you. Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care under the circumstances in the management of one's person or property. Ordinary care is that care which a reasonably prudent person would exercise in order to avoid injury to himself or to his property or

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

---

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 1**

**Negligence Under Article 2315**

A negligence claim is a claim seeking damages for injury caused by the act of another. The basic law in Louisiana for a claim of negligence is found in Article 2315 of the Louisiana Civil Code:

Every act of man that causes damage to another obliges him by whose fault it happened to repair it.Negligence claims under Article 2315 are examined using a Duty/Risk analysis. The Duty/Risk analysis is a set of five separate elements that takes into account the conduct of each party and non-party and the peculiar circumstances of each case. In order to prevail on their negligence claims under Article 2315, the plaintiff bears the burden of proving each of the following elements: 1) the defendant's conduct was a cause-in-fact of the plaintiff's injuries (~~the~~ a cause-in-fact element); 2) the defendant had a duty to conform its conduct to a specific standard (the duty element); 3) the defendant failed to conform its conduct to the appropriate standard (the breach of duty element); 4) the defendant's conduct was the legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and 5) actual damages (the damages element). If plaintiff fails to prove any of the foregoing elements as to ~~either of~~ the defendants, you must find in favor of the defendants on the claim for negligence.

Joseph v. Dickerson, 99-1046 (La. 1/19/00); 754 So.2d 912.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

---

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 2

**Duty**

It is necessary to determine, what, if any, duties were owed by the defendant to the plaintiff. Duty is defined as the obligation to conform to the standard associated with a reasonable person in like circumstances. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties.

Joseph v. Dickerson, 99-1046 (La. 1/19/00); 754 So.2d 912.

Mart v. Hill, 505 So.2d 1120, 1122 (La. 1987).

**Apache's Proposed Jury Charge No. 2**

Scotty Romero must prove, by a preponderance of the evidence, that Apache had a duty to ~~Romero~~ Jim. If there is no duty on the part of Apache to protect ~~Romero~~ Scotty from the kind of risk involved, there can be no liability.

La. Civ. Code art. 2315; *Pamplin v. Bossier Parish Community College*, 38,533 (La. App. 2 Cir. 7/14/04), 878 So. 2d 889, *writ den.*, 889 So. 2d 266 (La. 2005); *Douglas v. State*, 93-1049 (La. App. 5 Cir. 4/26/94), 636 So. 2d 1098; *Durmon v. Billings*, 38,514 (La. App. 2 Cir. 5/12/04), 873 So. 2d 872, *writ den.*, 885 So. 2d 588 (La. 2004)..

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

---

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 3**

**Breach of Duty**

If you find that ~~either of~~ the defendants owed a duty to plaintiff, the plaintiff must next prove that the defendant breached its duty.

Negligence is not presumed. The mere fact that an incident happened, standing alone, does not permit you to draw the inference that the incident was caused by defendant's negligence. To establish breach of duty, plaintiff must prove by a preponderance of the evidence that the defendant failed to exercise the degree of care which we might reasonably expect from an ordinarily prudent person under similar circumstances. A person is required to act with the degree of care that we might reasonably expect from an ordinary person.

Haydel v. Hercules Transport, Inc., 654 So.2d 418, 429-430 (La.App. 1st Cir. 1995), writ denied, 656 So.2d 1019 (La. 1995).

Vendetto v. Sonat Offshore Drilling Co., 725 So.2d 474 (La.1/20/99).

Pitre v. Employers Liability Assurance Corp., 234 So.2d 847, 852 (La. App. 1st Cir. 1970).

**Apache's Proposed Jury Charge No. 4** 5

Scotty Romero must also prove, by a preponderance of the evidence, that Apache's conduct was a cause-in-fact of his injuries. Cause-in-fact means that but for Apache's conduct, Romero's damages would not have occurred. This is a common sense inquiry into the logical consequences of conduct and not into absurd extremes. There must be a requisite connection between Scotty Romero's particular injuries and Apache's particular conduct.

La. Civ. Code art. 2315; *Pamplin v. Bossier Parish Community College*, 38,533 (La. App. 2 Cir. 7/14/04), 878 So. 2d 889; *Brooks v. Henson Fashion Floors, Inc.*, 26,378 (La. App. 2 Cir. 12/7/94), 647 So. 2d 440; *Saden v. Kirby*, 94-0854 (La. 9/5/95), 660 So. 2d 423, *writ den.*, 688 So. 2d 512 (La. 1977).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 4

### Legal Cause

The essence of the legal cause inquiry is whether the risk and harm encountered by the plaintiff fall within the scope of protection of the duty by the defendant. One of the factors in determining legal cause is the ease of association between the duty breached and the risk encountered. Foreseeability plays a part in determining the ease of association by asking whether the injury is easily associated with the breach of duty.

Socorro v. City of New Orleans, 579 So.2d 931, 939 (La. 1991).

Verdun v. State through DNR, 598 So.2d 1091, 1096 (La.App. 4th Cir. 1992), writ denied, 604 So.2d 1003 (La. 1992).

Bellsouth Telecommunications, Inc., v. Eustis Engineering Co., Inc. (La. App 4 Cir. 12/19/07), 974 So.2d 749.

Apache's Proposed Jury Charge No. 5 4 - Legal Cause

Finally, Romero must prove, by a preponderance of the evidence, that Apache's conduct was the a legal cause of his injuries. Romero Scotty must prove that the particular risk suffered by him falls within the scope of the duty. A risk is within the scope of Apache's duty if Apache could have reasonably foreseen or anticipated the harm arising in the particular manner that it did to Romero. You may consider moral, social, and economic factors, such as the fairness of imposing liability, the economic impact on Apache and similarly situated parties, the need for an incentive to prevent future harm, the nature of Apache's activity, and the potential for an unmanageable flow of litigation.

La. Civ. Code art. 2315; *Pamplin v. Bossier Parish Community College*, 38,533 (La. App. 2 Cir. 7/14/04), 878 So. 2d 889; *Durmon v. Billings*, 38,514 (La. App. 2 Cir. 5/12/04); *Brooks v. Herson Fashion Floors, Inc.*, 26,378 (La. App. 2 Cir. 12/7/94), 647 So. 2d 440; *Lazard v. Foti*, 02-2888 (La. 10/21/03), 859 So. 2d 656; *Posecai v. Wal-Mart Stores, Inc.*, 99-1222 (La. 11/30/99), 752 So. 2d 762.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

JOINT JURY INSTRUCTION

**Negligence Under Articles 2317 and 2317.1**

2315)

Plaintiffs have also filed a claim for negligence under Louisiana Civil Code Articles 2317 and 2317.1, ~~which~~ 2317 & 2317.1 applies to claims for a defect in a thing. The Civil Code, in Articles 2317 and 2317.1, provides a standard applicable to a claim that a thing is defective.

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. The owner of an offshore fixed platform is responsible to third parties for defects contained in modular living quarters attached to its platform. The owner of the platform has a duty to keep the living quarters in repair and is responsible to third persons for harm caused by any defect in the living quarters.

Louisiana Jury Instructions - Civil, H. Alston Johnson, 2000 at 52-53.

Grogan v. Women's and Children's Hosp., Inc. (La.App. 3 Cir. 4/16/08), 981 So.2d 162.

Giorgio v. Alliance Operating Corp., (La. 1/19/06), 921 So.2d 58.

Olsen v. Shell Oil Company, 365 So.2d 1285 (La. 1978).

La. C.C. Art. 2322

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 49**

**Duty of a Platform Owner**

Under Louisiana law, owner's (of a platform) duty of exercising reasonable care for safety of persons on premises extends to employees of independent contractors, for whose benefit owner must take reasonable steps to ensure safe working environment. Owner of offshore oil platform owed duty to employee of independent contractor aboard platform to ensure that platform was reasonably safe.

*Dupre v. Chevron, U.S.A., Inc.*, 20 Fd.3d 154 (5th Cir. 1994)

*Smith v. Chevron, U.S.A., Inc.* 1999 W.L. 615174 (E.D.La.1999)

*Verdin v. Shell Offshore, Inc.* 1996 W.L. 67660 (E.D. La. 1996)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

---

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 17

In a suit for personal injuries, the plaintiff has the burden of establishing by a preponderance of the evidence a causal connection between the incident and the subsequent injuries. This burden may be met through expert medical testimony. The element of causation, however, may also be proved by other direct or circumstantial evidence.

Greening v. Bell, 681 So.2d 36, 37 (La.App. 2Cir. 1996).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 24**

The Plaintiff does not have to conclusively exclude all other possible explanations for his injuries.

Hanks v. Entergy Corp., 944 So.2d 564, 578 (La. 2006).

**<u>Apache's Proposed Jury Charge No. 6</u>**

**(Medical Causation)**

You must decide whether Apache's conduct medically caused plaintiff's injury. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff, Romero, proved by a preponderance of the evidence that it is more probable than not that he contracted MRSA as a result of Apache's negligence.

Expert medical testimony is required when the issue of medical causation is not within lay-persons' knowledge.

*Chavers v. Travis,* La. App. 2004-0992 (La. App. 4 Cir. 2005); 902 So. 2d 389; *Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 1995), citing *Mart v. Hill*, 505 So.2d 1120 (La. 1987); *Villavaso v. State Farm Mut. Auto Ins. Co.*, 424 So.2d 536 (La. App. 4th Cir. 1982).

*Lasviegne v. Taco Bell Corp.*, 202 F.Supp.2d 512, 524 (E.D. La. 2002)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 25**

The diagnosis and opinions of Plaintiff's treating physician and specialists are entitled to more weight than that of the doctors examining the plaintiff for consultation for litigation purposes.

Ogeron v. Prescott, 636 So.2d 1033, 1041 (La.App. 5Cir. 1994) citing *Schouest v. Ray McDermott and Company, Inc.*, 411 So.2d 1042 (La. 1982).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 28**

The testimony of the disinterested witnesses, if credible, should be given greater weight by the ~~trial court~~ jury than those of an interested witness.

Winnfield v. Porter, 618 So.2d 890, 892 (La.App. 4 Cir. 1993).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 47**

**Respondeat Superior**

The general rule of respondeat superior or vicarious liability is that employers are responsible for the damage caused by their employees in the exercise of the functions for which they are employed. (CORRECT QUOTATION FROM CASE)

Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence. In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.

2320

Confusing and unnecessary

*Angle v. Dow*, WL 3851835 (La.App. 5 Cir 8/19/08)

LSA-C.C. art. 2320.

Doesn't 5th C Pattern address this?

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 26**

It is well settled in our jurisprudence that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Where defendant's negligent action aggravates a preexisting injury or condition, he must compensate the victim for the full extent of his aggravation.

American Motorist v. American Rent All, 579 So.2d 429, 433 (La. 1991).

Wainwright v. Fontenot, 774 So.2d 70 (La. 2000)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 27**

The Defendant's liability for damages is not mitigated by the fact that Plaintiff's preexisting infirmity was responsible in part for the consequences of Plaintiff's injury by the Defendant.

Lasha v. Olin Corporation, 625 So.2d 1002 (La. 1993).

**Apache's Proposed Jury Charge No. 8**

**Louisiana Civil Code article 2323**

If you find that Apache was negligent by a preponderance of the evidence, you must determine the degree or percentage of fault of Romero, if any, and reduce his damages in proportion to the degree or percentage of his fault.

La. Civ. Code art. 2323; *Landry v. Bellanger*, 02-1443 (La. 5/20/03); 851 So. 2d 943; *Kennedy-Fagan v. Estate of Graves*, 2008 La. App. LEXIS 1136 (La. App. 1 Cir. 2008); *Scramuzza v. River Oaks, Inc.*, 03-959 (La. App. 5 Cir. 3/30/04); 871 So. 2d 522.

**Apache's Proposed Jury Charge No. 11**

An injured plaintiff has a duty to take reasonable steps to mitigate his damages. You may consider plaintiff's failure to follow medical advice in deciding whether plaintiff has failed to mitigate his damages.

*Aisole v. Dean*, 574 So. 2d 1248 (La. 1991); *Muller v. Lykes Steamship Co.*, 337 F. Supp. 700 (E.D. La. 1972).



100472_1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

---

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 6

### Damages

To recover from a defendant for Article 2315 negligence, plaintiff must prove that he sustained actual damages as a result of the defendants' substandard conduct.

Joseph v. Dickerson, 99-1046 (La. 1/19/00); 754 So.2d 912.

Scheurmann v. Foti, (La.App. 4 Cir. 2/2/05), 894 So.2d 1199.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

---

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 14**

The trier of fact is granted much discretion in the award of general damages, which are those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitively in monetary terms.

Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La. 1974)

La.C.C.art 2341.1

Bellard v. American Cent. Ins. Co., 07-1335 (La. 4/18/08), 980 So.2d 654.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

---

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 13**

The primary consideration in assessing damages are the severity and duration of the injured party's pain and suffering.

Head v. St. Paul Fire & Marine Insurance Co., 408 So.2d 1174 (La. App. 3rd Cir.1982), *writ denied,* 412 So.2d 99 (La.1982).

Anthony v. Hospital Service District No. 1, 477 So.2d 1180 (La. App. 1st Cir.1985), *writ denied,* 480 So.2d 743 (La.1986).

Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989, 994 (La. App. 3d Cir. 1988), *writ denied,* 531 So.2d 763 (La. 1988).

Leblanc v. Stevenson, 2000-0757 (La.10/17/00), 770 So.2d 766.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

---

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 15**

Loss of the enjoyment of life or lifestyle, refers to the detrimental alteration of a person's life or lifestyle or a person's inability to participate in the activities or pleasures of life that were formerly enjoyed.

Locke v. Young, 42,703 (La.App. 2 Cir. 12/12/07), 973 So.2d 831.

Boswell v. Roy O. Martin Lumber Company, 363 So.2d 506 (La.1978).

Anderson v. Bennett Wood Fabricators, 571 So.2d 780 (La.App. 2d Cir.1990).

Foster v. Trafalgar House Oil & Gas, 603 So.2d 284, 285 (La. App. 2nd Cir.1992)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 42**

**Compensatory Damages**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole ~~– that is, to compensate the plaintiff for the damage that the plaintiff has suffered.~~ Damages are not allowed as a punishment + can not be imposed or increased to penalize Apache. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort the he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that he plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guess-work. On the other hand, the law does not require that the plaintiff prove the amount of losses with mathematical precision, but only with as much definiteness and accuracy s the circumstances permit.

DAMAGES ARE NOT ALLOWED AS A PUNISHMENT + CAN NOT BE IMPOSED OR INCREASED TO PENALIZE APACHE.

Fifth Circuit Pattern Jury Instructions 15.2 (2006)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 44**

**Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life**

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering (disability/disfigurement/mental anguish and/or loss of capacity for enjoyment of life) that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

Fifth Circuit Pattern Jury Instruction 15.4 (2006)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 45**

**Aggravation or Activation of Disease or Defect**

You may award damages for aggravation of an existing disease or physical defect (or activation of any such latent defect) resulting from physical injury to the plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

Fifth Circuit Pattern Jury Instruction 15.5 (2006)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTT ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 29

A plaintiff ordinarily may recover from the tortfeasor reasonable medical expenses, past and future, which he incurs as a result of an injury.

White v. Longanecker, 93-1122 (La. App. 1 Cir.5/23/94); 637 So.2d 1213, 1218, *writ denied,* 94-1704 (La. 10/7/94); 644 So.2d 640.

Andres v. Liberty Mut. Ins. Co., 568 So.2d 651 (La. App. 3 Cir.1990).

Rowe v. State Farm Mut. Auto. Ins. Co., 95-669 (La. App. 3d Cir. 3/6/96); 670 So.2d 718, 729, *writ denied,* 96-0284 (La. 5/17/96); 673 So.2d 611

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 30**

When a Plaintiff alleges that he has incurred medical expenses that are supported by a medical bill, the expenses should be awarded unless there is contradictory evidence that he bills are not related to the accident.

Jimmerson v. Reardon, 736 So.2d 916 (La.App. 3Cir. 1999).

Brandao v. Wal-Mart Stores Inc., 35,368 (La.App. 2 Cir. 12/19/01), 803 So.2d 1039, writ denied, 02-493 (La. 4/26/02), 814 So.2d 558.

Chatelain v. Rabalais, 04-28 (La.App. 3 Cir. 7/7/04), 877 So.2d 324.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 46**

**Medical Expenses**

The reasonable value/expense of hospitalization and medical and nursing care treatment that the plaintiff will require because of his injuries which were caused by the defendant's wrongful conduct.

Fifth Circuit Pattern Jury Instruction 15.6 (2006)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

---

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 31**

Future medical expenses need not be established with mathematical certainty, although a plaintiff must prove more probable than not that the expense will incurred. If it can be determined by evidence that reasonable minds could agree upon the expenses, the an award is proper.

Rice v. ABC Insurance Company, 672 So.2d 1109 (La.App. 4Cir. 1996).

Malory v. USAA Property & Casualty Ins. Co., 97-1836 (La.App. 4 Cir. 3/4/98), 708 So.2d 1220-1222.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 32

To recover for actual wage lost, a plaintiff must prove the length of time missed from work due to the accident and past lost earnings.

Boyette v. United Services Automobile Association, 783 So.2d 1276, 1279 (La. 2001).

Venissat v. St. Paul Fire & Marine Ins. Co., (La.App. 3rd Cir. 8/15/07), 968 So.2d 1063.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 34**

The law allows for recovery for loss of earning capacity. What is being compensated is the plaintiff's lost ability to earn a certain amount, and he may recover such damages even though he may never have seen fit to take advantage of such.

Corliss v. Elevating Boats, Inc., 599 So.2d 434 (La.App. 4Cir. 1992).

Batiste v. New Hampshire Ins. Co., 94-1467 (La.App. 3 Cir. 5/3/95), 657 So.2d 168, writ denied, 95-1413 (La. 9/22/95), 660 So.2d 472.

Hobgood v. Aucoin, 574 So.2d 344 (La.1990).

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 33**

Loss of earning capacity refers to a person's potential and compensates a victim for his loss ability to earn in the future. The trier of fact should consider Plaintiff's physical condition before the accident, Plaintiff's work record, amount earning in previous years, and the probability that, except for the injury, the Plaintiff would have earned similar wages for the rest of his life. The Plaintiff s earnings at the time of the accident are relevant but are not necessarily indicative of his past or future earning capacity.

Hoyt v. Gray Insurance Company, 809 So.2d 1076 (La.App. 4Cir. 2002).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTTY ROMERO and CORI BONIN — CIVIL ACTION NO. CV05-1781 L-O

VERSUS — JUDGE RICHARD T. HAIK, SR.

APACHE CORPORATION AND ISLAND OPERATING CO., INC. — MAG. JUDGE C. MICHAEL HILL

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 35**

Earning capacity in itself is not necessarily determined by actual loss.

Thibodeaux v. USAA Casualty Insurance Company, 647 So.2d 351, 360 (La.App. 1Cir. 1994).

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 36**

Pension losses and other fringe benefits are recoverable as special damages.

Gaines v. Daiichi Chuo Shipping, Inc., 673 So.2d 1192, 1197 (La.App. 4th Cir. 1996).

Nielson v. Northbank Towing, Inc., 768 So.2d 145 (La.App. 1 Cir. 7/13/00).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION NO. CV05-1781 L-O |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| APACHE CORPORATION AND ISLAND OPERATING CO., INC. | MAG. JUDGE C. MICHAEL HILL |

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 43**

**Calculation of Past and Future Damages**

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he had suffered to date.

B. Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2. If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could have earned on the amount of the award if he made a relatively risk free investment. The reason why you must make this reduction is because an amount representing future loss earnings is more valuable to the plaintiff if he receives it today then if he received it in the future, when he otherwise would have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date that he would have earned the money. Thus you should adjust the amount of any award for the future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make and award for future medical expenses, you should adjust or discount the award to present the value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering and suffering of future mental anguish.

Fifth Circuit Pattern Jury Instruction 15.3 (2006)

his sense of pride may be at issue, and he may hesitate to back down from an announced position, even if he is shown to be wrong. Remember that you are not advocates in this matter, but rather you are judges. The final test of the quality of your service will lie in the verdict which you return to the Court, not in the opinions any of you may hold as you go the jury room. Your contribution to the judicial system will be to arrive at a just and proper verdict in this case. To that end, I remind you that in your deliberations in the jury room there can be no triumph except the ascertainment and declaration of the truth.

Finally, I remind you again that you represent ~~this parish~~ W D of LA in the determination of this dispute. The citizens of this ~~parish~~ District appreciate your service on this jury, and at the same time expect you to reach a fair and impartial verdict.

26. Upon retiring to the jury room, you will select one of your members to be your foreman. Your foreman shall preside over your deliberations and shall sign the verdict which you may render. In order to rend any verdict, nine of the jurors must agree upon it. Your verdict need not be unanimous. It requires only nine of you to agree on any verdict. I will hand you forms for your verdict which you will answer as stated in the paper (if there is a special verdict or a verdict with interrogatories explained to the jury). Your foreman shall fill in the answers, date and sign the verdict that is being handed to you, and return it to the Clerk and the Court after your deliberations.

Ladies and Gentlemen, you may now retire to begin your deliberations and the Court will await your verdict.

case must be established by plaintiff by a preponderance of the evidence. If you find that the evidence indicates that plaintiff will in all probability continue to be capable of earning as much or more than he would have if the accident had not occurred, you should not make any award for future lost earnings.

22. You are not permitted to add a sum for the purpose of punishing a defendant or to serve as an example or warning to others. Damages are simply an attempt to restore the plaintiff to the way he was immediately prior to the accident, with a reduction to be made by the Court should you find negligence on the part of the plaintiff.

You are not permitted to award any sum for court costs, attorney's fees, or interest. Should you award damages, such an award is not considered to be taxable income by the IRS and the State of Louisiana.

The fact that I have instructed you as to the proper measure of damages should not be considered by you as an opinion on my part as to which party is entitled to prevail in this case. Instructions as to the measure of damages are given for your guidance in the event you find from the evidence that the plaintiff is entitled to a verdict.

~~The fact that I have instructed you as to the proper measure of damages or that the attorneys have discussed the subject is not to be taken by you as an intimation from the Court, nor as an admission by the defendant, that any damages are due in this case. You are the sole judges to determine whether damages are due and, if so, in what amounts.~~

23. (Here give the general synopsis of the pleadings and contentions of various parties).

24. (Here give the special charges that may be requested.)

25. Let me say that it is usually not a good idea for a juror, when he first enters the jury room, to make an emphatic expression of his opinion on the case or announce a determination to stand for a certain verdict. When one does that at the outset,