RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SCOTTY ROMERO and CORI BONIN | CIVIL ACTION 05-1781 |
| VERSUS | CHIEF JUDGE HAIK |
| APACHE CORPORATION, ET AL | MAGISTRATE JUDGE HILL |

## REASONS FOR JUDGMENT

The above captioned matter came before the Court on December 8, 2008 for a Jury Trial. Upon the conclusion of evidence, the plaintiffs made a motion for judgment as a matter of law as to third party fault. The Court granted the motion finding no evidence of negligence by Acadian Ambulance Service, Inc. and/or Acadian Integrated Services Inc. and United Production and Construction, Inc. had been presented. The case was submitted to the jury on the afternoon of December 16, 2008. At some point during the deliberations, the jury submitted the following question to the Court:

> "Will Scottie Romero be responsible for any of medical bill (past) if a percentage judgement is found"

The Court responded as follows:

> "As I instructed earlier, you are not to be concerned if there is a percentage of fault found. R.T. Haik"

Subsequently, the jury returned the special verdict form, which had been approved by both parties, which found:

1. Apache Corporation was negligent.

1

2. Apache Corporation's negligence was a legal cause and a cause in fact of Mr. Romero's injury.
3. Mr. Romero suffered damages as a result of his injury.
4. Mr. Romero was negligent.
5. Mr. Romero's negligence was not a legal cause, or a cause in fact, of his injury.
6. Apache Corporation is 75% at fault and Scotty Romero is 25% at fault.

The jury also awarded damages in the following amount:

1. Physical Pain and Suffering:     $350,000
2. Mental Anguish and Suffering:    $400,000
3. Loss of Enjoyment of Life:       $175,000
4. Past Medical Expenses:           $94,064
5. Future Medical Expenses:         $250,000
6. Past Loss of Earnings:           $250,361
7. Future Loss of Earnings:         $866,069

For a total damage award of $2,385,494.00.

The parties to the case were then asked to submit a judgment and they briefed the issue of potential inconsistency in the jury verdict. The plaintiffs set forth various arguments in support of their position. First, they contend that the verdict is not inconsistent, or that any perceived inconsistency is easily reconciled, in that the jury found Mr. Romero's negligence was not a legal cause of his injuries. Once this finding was made, any response on the special verdict form regarding his percentage of fault is irrelevant. Plaintiffs cite *National Hispanic Circus, Inc. V. Rick's Trucking, Inc, 414 F.3d. 546 (5 Cir. 2005)* and *White v. Grinfas, 809 F.2d 1157 (% Cir 1987)* in support. Additionally, they discuss the evidence presented and argue that it supports a finding of no legal or proximate cause on the part of Mr. Romero. Further, plaintiffs argue that Apache's failure to object to the alleged inconsistency results in a waiver of the argument under Rule 49 of the Federal Rules of Civil Procedure.

The defendant argues that ample evidence of Mr. Romero's comparative fault was

2

presented at trial and that the jury's question during deliberations indicate that they had already determined he was comparatively negligent, but were "impermissibly concerned with the responsibility for past medical expenses...". Apache further argues that the jury's verdict is irreconcilable as a matter of law and that the Court must grant a new trial, rather than enter a judgment which would be to the detriment of either party. It cites *Nance v. Gulf Oil Corporation, 817 F.2d. 1176 (5th Cir. 1987), Panyanouvong, et al v. T&H Convenience Stores, Inc., et al, 734 So.2d. 9, 12 (La App. 1st Cir. 1998), , Stevens v. Scottsdale Insurance Co, 672 So. 2d. 1031 (La. App. 4th Cir. 1996) and others.* Finally, Apache discussed Rule 49 waivers and contends that no such waiver took place in this case as it is not applicable to the situation at hand. This Court agrees that no such waiver took place. In fact, neither party requested that the answers be clarified by the jury prior to dismissing them.

The Fifth Circuit Court of Appeals in *Nance* noted that the Seventh Amendment "only requires the court to adopt a jury's verdict if answers to interrogatories in verdict are consistent or if there is some view of the case which would make the jury's answers to interrogatories consistent." Additionally, that Court has found that the answers should be considered consistent unless there is no way to reconcile them. *Willard v. John Hayward, 577 F.2d. 1009 (5th Cir. 1978).* Further, the Fifth Circuit has advised that courts must "view the evidence in the light most favorable to upholding the jury's decision by a finding of consistency" and construe them in light of the "surrounding circumstances of the case." *Ellis v. Weasler Engineering, Inc., 258 F.3d 326 (5th Cir. 2001).*

3

In light of this guidance given by the Fifth Circuit and upon review of this case as a whole, including all testimony and evidence presented during the seven (7) days of trial, this Court finds the jury's verdict can be reconciled. It is clear to this Court from the entirety of the circumstances that the jury intended to allocate Mr. Romero 25% of the fault in this matter. The evidence presented clearly supports a finding of such a percentage on the part of the plaintiff and the conclusion is reasonable. The jury determined that Mr. Romero was negligent and then allocated him a percentage of fault. Although it could appear that the jury finding Mr. Romero's fault was not a legal cause, or cause in fact, is inconsistent with an allocation of fault, the circumstances as a whole support finding that the jury intended for the plaintiff to bear a portion of the fault as a result of his negligence.

"Even if the jury's answers were inconsistent–a highly implausible contention–a new trial still was not required if the verdict can be explained by assuming the jury misunderstood the question. If the jury's answer to a question that was supposed to pretermit further inquiry is clear and disposes of the legal issues, we must ignore the conflicting answers to any other questions, as they are irrelevant." *National Hispanic Circus, Inc. V. Reck's Trucking, Inc., 414 F.3d. 546 (5th Cir. 2005).* This Court concludes the jury finding of negligence on the part of Mr. Romero,

coupled with allocating him a percentage of fault, was reasonable and shows the clear intent of the verdict. The finding of no legal or proximate cause simply appears to be an error on the part of the jury as the result of either misunderstanding or concern for the potential responsibility of the plaintiff for past medical bills. Although the Court specifically instructed the jury to disregard such issues when making a decision, it is clear from their note in the record that this was of some concern to them. The legal issue of Mr. Romero's negligence was determined by the finding of negligence, coupled with a percentage of fault. As such, the finding of no legal cause, or cause in fact, is irrelevant and should be disregarded. This Court believes this is a reasonable reconciliation of the interrogatories and, in finding such, is keeping in line with the guidance and precedent set forth by the Fifth Circuit Court of Appeals.

THUS DONE and SIGNED on this 3rd day of February, 2009.

**CHIEF JUDGE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**