RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/4/09
GB

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **SCOTTY ROMERO** | **CIVIL ACTION 05-1781** |
| **VERSUS** | **CHIEF JUDGE HAIK** |
| **APACHE CORPORATION** | **MAGISTRATE JUDGE HILL** |

---

# JUDGMENT

This matter came before the Court on December 8, 2008 for a Jury Trial. Upon conclusion of the evidence and presentation of the defendant's case, a motion for judgment as a matter of law was made by Scotty Romero as to third party fault. The Court granted the motion finding the defendant had presented no evidence of negligence on the part of Acadian Ambulance Service, Inc. and/or Acadian Integrated Services, Inc. and United Production and Construction Services, Inc.

The Jury rendered the following verdict on December 16, 2008:

1. Apache Corporation was negligent.
2. Apache Corporation's negligence was a legal cause and a cause in fact of Mr. Romero's injury.
3. Mr. Romero suffered damages as a result of his injury.
4. Mr. Romero was negligent.
5. Mr. Romero's negligence was not a legal cause, nor a cause in fact, of his injury.
6. Apache corporation is 75% at fault and Scotty Romero is 25% at fault.

The Jury awarded the following damages:

| | |
|---|---|
| 1. Physical Pain and Suffering: | $350,000 |
| 2. Mental Anguish and Suffering: | $400,000 |
| 3. Loss of Enjoyment of Life: | $175,000 |
| 4. Past Medical Expenses: | $94,064 |
| 5. Future Medical Expenses: | $250,000 |

6. Past Loss of Earnings: $250,361
7. Future Loss of Earnings: $866,069

In accordance with the findings of the jury, the Court enters judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED**, and **DECREED** that:

1. Apache Corporation was negligent.
2. Apache Corporation's negligence was a legal cause and a cause in fact of Mr. Romero's injury.
3. Mr. Romero suffered damages as a result of his injury.
4. Mr. Romero was negligent.
5. Mr. Romero's negligence was not a legal cause, nor a cause in fact, of his injury.
6. Apache corporation is 75% at fault and Scotty Romero is 25% at fault.

**IT IS FURTHER ORDERED, ADJUDGED**, and **DECREED** that plaintiff, Scotty Romero, is entitled to **75%** of the following damage award:

1. Physical Pain and Suffering: $350,000
2. Mental Anguish and Suffering: $400,000
3. Loss of Enjoyment of Life: $175,000
4. Past Medical Expenses: $94,064
5. Future Medical Expenses: $250,000
6. Past Loss of Earnings: $250,361
7. Future Loss of Earnings: $866,069

Judgment is hereby entered in favor of Scotty Romero and against Apache Corporation in the sum of **$1,789,120.50**. Plaintiff is further awarded pre-judgment interest from the date of the filing of the complaint, October 11, 2005, and post judgment interest until satisfaction in full.

Finally, it is hereby ordered that the defendant, Apache Corporation shall be taxed with all costs. Costs shall be determined and an Order entered upon filing of proof of same and approval by the Court.

**THUS DONE** and **SIGNED** on this 3rd day of February, 2009.

Richard T. Haik

**CHIEF JUDGE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

coupled with allocating him a percentage of fault, was reasonable and shows the clear intent of the verdict. The finding of no legal or proximate cause simply appears to be an error on the part of the jury as the result of either misunderstanding or concern for the potential responsibility of the plaintiff for past medical bills. Although the Court specifically instructed the jury to disregard such issues when making a decision, it is clear from their note in the record that this was of some concern to them. The legal issue of Mr. Romero's negligence was determined by the finding of negligence, coupled with a percentage of fault. As such, the finding of no legal cause, or cause in fact, is irrelevant and should be disregarded. This Court believes this is a reasonable reconciliation of the interrogatories and, in finding such, is keeping in line with the guidance and precedent set forth by the Fifth Circuit Court of Appeals.

**THUS DONE** and **SIGNED** on this 3rd day of February, 2009.

**CHIEF JUDGE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**